```
                 IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF INDIANA
                           HAMMOND DIVISION


SHERMAN AKINS,                      )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )    NO. 2:04-CV-255
                                    )
ROGELIO DOMINGUEZ, et al.,          )
                                    )
Defendants.                         )
```

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, Sherman Akin's Prisoner Complaint, filed on November 9, 2004, is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. section 1915A.

BACKGROUND

Akins, a pro se prisoner, submitted a complaint under 42 U.S.C. section 1983, against five defendants associated with the Lake County jail. Diaz alleges that during his pretrial detention, Defendants violated his Eighth Amendment guarantee against cruel and unusual punishment due to the substandard conditions at the jail.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A, the Court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, does not state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, which does not state a claim upon which relief can be granted. The Court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Akins makes numerous allegations about the conditions at the Lake County jail during his pretrial detention. Although the Eighth

-2-

Amendment's prescription against cruel and unusual punishment applies only to persons convicted of crimes, the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, and "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same.  *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003).

A violation of the Eighth Amendment's cruel and unusual punishment clause consists of two elements:  (1) objectively, whether the injury is "sufficiently serious" to deprive the prisoner of the "minimal civilized measure of life's necessities;" and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Akins' litany of complaints relating to prison conditions will be addressed *in seriatim*.

Exposure to Cigarette Smoke

First, Akins alleges he was exposed to cigarette smoke and held in a cell block without adequate ventilation for approximately one month.  He further alleges that he has chronic asthma, and that he communicated his need to be transferred out of the smoking area.  The records of this Court and the United States Marshals Service indicate that Akins was confined, awaiting trial on charges before this Court,

at the Lake County jail from March 15, 2004, until July 30, 2004.

Under some circumstances, exposure to tobacco smoke can state a claim.  *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). However, based upon the allegations in this complaint, Akins cannot demonstrate deliberate indifference.  Conduct is deliberately indifferent:

> [W]hen the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).  Furthermore:

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted).  Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (citations omitted).

Akins spent approximately one of the roughly four and a half months at the Lake County jail in a smoking environment.  Although he probably would have preferred a quicker relocation, this relatively

brief delay in reassigning him is insufficient to support the allegation that Defendants intentionally decided not to do anything, or consciously refused to prevent harm to Akins.  Therefore, these claims are dismissed.

Shower Conditions and Other Sanitary Issues

Second, Akins alleges that:  there was mold in the showers; the water was cold; there were fruit flies that bit him; the showers lacked "duress or intercom buttons to summon help"; inmates were sometimes locked in the shower for over an hour; inmates were given limited cleaning supplies; and the mattresses were dirty and could pass diseases between inmates because they were not cleaned. (Prisoner Complaint 42 U.S.C. § 1983, pp. 3-4.)  Notably, Akins does not allege, and based on the complaint it would not be reasonable to infer, that he personally suffered more than a *de minimis* injury from any of these conditions.

Addressing Akins' allegations that inmates were sometimes locked in the shower, Akins cannot assert the rights of any other inmate because he lacks standing to do so.  Standing encompasses "the general prohibition on a litigant's raising another person's legal rights . . . ." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 124 S. Ct. 2301, 2309 (2004) (quotation omitted).

Further, Akins' claims for fear of contracting a disease from the mattress fails because merely observing, but not being injured by,

potentially dangerous conditions, does not state a claim.  *See Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference . . . .")  The lack of a duress button in the shower is also not actionable because fear of an attack that never occurs does not state a claim for damages.  *Doe v. Welborn*, 110 F.3d 520, 523-24 (7th Cir. 1997) (affirming judgment for defendants on section 1983 claim for alleged psychological harm of inmate living in fear of assault).

Small bug bites are a *de minimis* injury that do not deprive a prisoner of the minimal civilized measure of life's necessities.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (quotation omitted); *see also Ingraham v. Wright*, 430 U.S. 651, 674 (1977) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned.").

Finally, conditions that merely cause inconveniences and discomfort, such as cold shower water, do not rise to the level of Constitutional violations.  *Adams v. Pate*, 445 F.2d 105, 107-108 (7th Cir. 1971).  Therefore, these claims are dismissed.

Medical Co-Payments

Akins alleges that he was required to pay a co-payment for

medication, as well as for doctor and dental visits.  He does not allege, and based on the complaint it would not be reasonable to infer, that he was denied medical treatment because he lacked the funds to pay.  However, Akins contends that the co-payment requirement caused him to fear requesting medical treatment because he would have to spend the little money he received from his family (rather than saving the money for commissary items).

Having to choose how to spend a limited amount of money is not unique to inmates and medical co-payment requirements for prisoners are not unconstitutional.  See Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997) (stating "[w]e reject the plaintiffs' argument that charging inmates for medical care is per se unconstitutional."); Martin v. DeBruyn, 880 F. Supp. 610, 615 (N.D. Ind. 1995) ("The Eighth Amendment guarantees only that states will not ignore an inmate's serious needs; it does not guarantee free medical care.").  Therefore, these claims are dismissed.

Deficient Food

Akins alleges that his meals were small, he was frequently hungry, he dreamed about food, the food was served cold, and that he was not provided condiments.  Akins does not contend, and based on the complaint it would not be reasonable to infer that, he was not provided with adequate nutrition and calories for his weight and level of activity.

The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams*, 445 F.2d at 108-109. It may have been unpleasant to eat cold, unseasoned food and to be hungry, but "the Constitution does not mandate comfortable prisons . . . ." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Therefore, these claims are dismissed.

Access to Law Library

Akins alleges that he was denied access to an adequate law library with federal law books. Prior to his sentencing on July 1, 2004, Akins was represented by counsel. After he was sentenced, he proceeded *pro se* and filed a 28 U.S.C. § 2255 petition on November 22, 2004. Akins was transferred out of the Lake County jail on July 30, 2004.

There is no "abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual

-8-

concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000) (citation omitted).  Although  Akins alleges that he was unable to research claims related to his section 2255 petition during the month after his sentencing, he does not allege any actual injury.  Mere hindrance, that is, mere delay in bringing his claims, is not an injury unless that delay forecloses his ability to bring those claims later.  Here, Akins filed his section 2255 petition on November 22, 2004, more than seven months before the deadline expired.  *See* 28 U.S.C. § 2255 ("A 1-year period of limitation shall apply to a motion under this section.").  Therefore, these claims are dismissed.

Access to Recreation

Akins alleges that inmates housed on the medical floor were not permitted recreation.  He alleges that inmates in the general population were allowed several hours of recreation twice a week, but the inmates on the medical floor were discriminated against.  Akins does not state how long he was housed on the medical floor, nor does he state why he was housed there, but he does contend that he has chronic asthma.  Based on his placement on the medical floor, it is unclear what level of exercise Akins could have engaged in.  Nevertheless, Akins does not allege, and based on the complaint it would not be reasonable to infer, that he was denied exercise within his medical limits.  This case is therefore similar to *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988), where:

> [The plaintiff] claims only to have been deprived
> of yard or recreation time, not all exercise. In
> modern prisons the denial of recreation time may
> deprive inmates of many desirable, entertaining
> diversions the lack of which would not raise a
> constitutional issue.

Therefore, these claims are dismissed.

Collect Calling Fee

Akins alleges that his right to visitation is unduly burdened by the jail's $4.75 connection fee for local collect calls.  This claim has no merit.  *See Arsberry v. State of Illinois*, 244 F.3d 558, 565-66 (7th Cir. 2001) (finding neither due process nor equal protection are violated by a prison's exorbitant telephone rates).  Therefore, these claims are dismissed.

Stamp Fee

Akins also alleges that the jail sells stamps for more than face value.  However, "there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost." *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980).  Citing to 18 U.S.C. section 1721, Akins argues that it is illegal for Defendants to sell stamps for more than face value.  Section 1721 applies only to "a Postal Service officer or employee", and is inapplicable here because none of Defendants are Postal Service officers or employees.  Therefore, these claims are dismissed.

CONCLUSION

For the foregoing reasons, Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. section 1915A for failure to state a claim.

**DATED:  April 14, 2005**          S/RUDY LOZANO, Judge
                                    **United States District Court**